ALVAREZ, PLAINTIFF AND APPELLANT, *v*. SUCCESSORS OF NARCISO VILARÓ, LTD., ET AL., DEFENDANTS AND APPELLEES.

Appeal from the District Court of Mayagüez in an Action of Intervention in Ownership.

No. 1986.—Decided July 31, 1919.

INTERVENTION—ATTACHMENT—FRAUD—PLEADING—EVIDENCE.—In an action of intervention in ownership where the plaintiff alleges that he is the owner of a certain property attached by the defendant and produces a title deed in support of his claim, the defendant, under a general denial in his answer, may introduce evidence to show the false, simulated and fraudulent character of such title.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. Benito Forés* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

An act entitled "An Act to provide for the trial of the right to real property and personal property," etc., approved March 14, 1907, was amended in 1908 by the addition of a section (No. 16 *a*) which reads as follows:

"The claim of a third party to real property shall be initiated by an action brought by the claimant against the persons having interest in the matter, and the trial shall be conducted according to the proceedings in the Code of Civil Procedure."

Miguel Alvarez brought suit as the claimant of certain real estate, a portion of which had been attached by Successors of Narciso Vilaró, Limited, in an action for debt against Ramón Acosta.

The complaint made no disclosure as to the character or source of title, but simply alleged that plaintiff was the owner of the land in question. Acosta defaulted and Successors of Narciso Vilaró answered, denying the alleged ownership.

At the trial plaintiff offered in evidence a private document, executed by Acosta and his wife, purporting a conveyance to plaintiff, and defendants presented, without objection on the part of plaintiff, documentary evidence and testimony tending to show the false, simulated and fraudulent character of the pretended transfer of the property to plaintiff.

Commenting on this evidence the trial judge said:

"The evidence adduced by the defendants plainly shows the existence of fraud as the result of the fraudulent acts personally committed by the plaintiff with the accomplished object of bringing about the complete insolvency of the debtor by fraudulent acts agreed on and connived at by them. It was proved that plaintiff Miguel Alvarez was a creditor of Acosta Vilanova as evidenced by a promissory note dated October, 1916. In February, 1917, he appears as purchasing from him the land in dispute in the intervention proceedings and leaving the said debt in force and effect. On May 14, 1917, they both appeared before a notary for the purpose of legalizing said sale and on that same day a complaint was filed by Alvarez seeking to recover on the said promissory note, followed by the attachment of the two establishments in which part of the liquor sold to Acosta by Successors of Narciso Vilaró the previous month was deposited, the stock being knocked down to the plaintiff himself for the sum of $50.

"Three days after the filing of the complaint the sales agent of Successors of Narciso Vilaró went to collect the amount of the liquors and found that the plaintiff had levied on everything, the debtor offering the land in controversy in the intervention proceedings as

security for the debt and when this was levied on plaintiff intervened, claiming to be the owner of such land.

"The plaintiff himself admitted that the debtor owned only the property in dispute in the intervention proceedings and after the sale the debtor is shown as obtaining an agricultural loan on the security of 2½ *cuerdas* of the same property."

Plaintiff appeals from a judgment dismissing his complaint and alleges as error that "The court erred in dismissing the complaint, notwithstanding the fact that plaintiff proved all the essential facts alleged therein."

Aside from any question of conversion of the private document into a public instrument, by means of a so-called authentication and record in a notarial registry of affidavits, which in the view we take of the case we need not now discuss, plaintiff cites the cases of *Solá* v. *Morera et al.*, 7 P. R. R. 7; *Morales* v. *Arce*, 18 P. R. R. 530, and *Falagán* v. *Arán*, 20 P. R. R. 429, in support of the proposition that the court below should not have considered the evidence of fraud because the same was not supported by proper averment in the answer.

The case first mentioned was decided long before the law of 1907 was enacted. *Morales* v. *Arce* also refers apparently to events that occurred prior to the amendment of 1908, and the statement contained in the opinion that "the question of a fraudulent conveyance could not be raised by the defendant Morales in the proceeding for the trial of the right to property" was made as one of four grounds upon which the elimination from an answer of several defenses was sustained. Moreover, the question under consideration in that case was whether the omission to set up fraud as a counterclaim in a proceeding of this kind would prevent a party from afterwards maintaining an action to rescind a contract for fraud. In *Falagán* v. *Arán* this court simply held that the complaining creditor who would rescind a fraudulent contract must show that the defendant debtor was insolvent.

"Subject to the general rules of evidence, the claimant or inter-

venor is entitled to introduce any evidence relevant to the issues and tending to establish his title to or claim upon the property, while the attaching plaintiff may show any facts legitimately tending to dispose of or avoid such title or claim, under the denial contained in the general replication.'' 6 C. J. pp. 395–96, sec. 887.

''In an attachment where there was an interplea by a third person claiming the property, plaintiff, under a general denial, was entitled to show that the interpleader's claim of ownership was fraudulent, and that he had no title.'' Id. p. 396, note 3, citing *Gate City Nat. Bank* v. *Boyer*, 142 S. W. 487.

See also page 393, note 76, citing *Patterson* v. *Palmer*, 4 Sask. L. 487.

Moreover, in the case at bar, as already pointed out, appellant made no objection in the court below to the admission of the evidence tending to show the fraudulent character of his claim, and his contention that such evidence should not have been considered by the court below comes too late on appeal.

Although the evidence as to fraud and insolvency is not so conclusive as could be desired, it is sufficient to support the judgment.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.